J-A19017-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROSILIS PELLETIER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KATHLEEN SICKLER | : | No. 3092 EDA 2025 |

Appeal from the Order Entered November 6, 2025
In the Court of Common Pleas of Monroe County Civil Division at No(s):
002403-CV-2025

BEFORE:   OLSON, J., DUBOW, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED JULY 22, 2026**

Appellant, Rosilis Pelletier, appeals *pro se* from the November 6, 2025 order that sustained the preliminary objections filed by Appellee, Kathleen Sickler, and dismissed Appellant's second amended complaint with prejudice. Upon review, we dismiss this appeal due to the substantial defects in Appellant's *pro se* brief to this Court.

A detailed factual and procedural history is unnecessary to our disposition. Briefly, the parties—next-door neighbors—are in a dispute over a missing package. In April 2024, Appellee was expecting a package delivery from UPS, believed that the package had been mistakenly delivered to Appellant's home, and eventually contacted police regarding the matter. The

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pocono Township Police Department filed criminal charges against Appellant which the Commonwealth ultimately *nolle prossed*.

On April 11, 2025, Appellant filed a complaint against Appellee, which she later amended to allege a single count of defamation (slander *per se*). After the trial court sustained in part Appellee's preliminary objections and granted leave to amend, Appellant filed a second amended complaint asserting four causes of action against Appellee. Appellee again filed preliminary objections which, on November 6, 2025, the trial court sustained, finding the second amended complaint to be both insufficiently specific and legally insufficient. The court, thus, dismissed the matter with prejudice because Appellant already had the opportunity to amend her complaint. This timely appeal followed.

As stated above, the brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. It is axiomatic that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. Although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on his lack of legal training. ***Satiro v. Maninno***, 237 A.3d 1145, 1151 (Pa. Super. 2020). An appellant's *pro se* status does not relieve her of the obligation to follow the

Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008).

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted); *see* Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). Rule 2119 clearly states that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). As this Court has made clear, we "will not act as counsel[.]" *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue[s] to be waived." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

As an initial matter, Appellant's brief does not contain a statement of the questions involved as required by Rule 2111(a)(4) and Rule 2116(a), which results in waiver of any issues Appellant wishes to raise on appeal. *See* Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs); Pa.R.A.P.

2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

Moreover, Appellant's argument is substantially underdeveloped. Although Appellant has referenced in her brief the names of cases upon which she purports to rely, she has failed to apply the holdings of those cases to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law. In addition, Appellant purports to challenge the trial court's order sustaining preliminary objections for insufficient specificity in a pleading pursuant to Pa.R.C.P. 1028(a)(3) and legal insufficiency of a pleading pursuant to Pa.R.C.P. 1028(a)(4); however, she has failed to specify the causes of action she raised in the complaint, the elements of each cause of action are, and the facts she pleaded in support of those causes of action. We cannot analyze whether the complaint was insufficiently specific or legally insufficient without this information. Her failure to provide any statutory language, context, legal framework, or authority to develop and support her argument not only violates our briefing requirements, but more importantly, precludes this Court from effectuating meaningful appellate review. Accordingly, we are constrained to dismiss this appeal.

Appeal dismissed. The prothonotary is directed to strike this case from the August 11, 2026 argument list in Philadelphia.

Judge Olson files a Concurring Statement.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/22/2026